**Bernice C. PHILLIPS, Plaintiff,**

**v.**

**TOWNSHIP OF DARBY, PENNSYLVANIA; the Township Board of Commissioners of the Township of Darby, Pennsylvania; William O. Johnson, Chief of Police of the Township of Darby Police Department; and Joseph J. Di Luzio, Justice of the Peace in the Township of Darby, Pennsylvania, Defendants.**

**Civ. A. No. 69–2462.**

United States District Court
E. D. Pennsylvania.

Oct. 31, 1969.

Richard, Brian & DiSanti, Jack Brian, Upper Darby, Pa., for plaintiff.

Edward A. Savastio, Glenolden, Pa., for defendants.

## OPINION

JOSEPH S. LORD, III, District Judge.

The plaintiff, invoking the jurisdiction of this court under 28 U.S.C. § 1343(3) and (4), brings this suit in equity under 42 U.S.C. § 1983 alleging the deprivation, under color of a municipal ordinance, of her constitutional right to free speech. Plaintiff seeks a preliminary injunction against the enforcement of Ordinance No. 304 of the Township of Darby and, in addition, asks for a declaratory judgment, pursuant to the provisions of 28 U.S.C. §§ 2201 and 2202, that the ordinance is unconstitutional on its face.

It has been stipulated by the parties that plaintiff was broadcasting information concerning a public issue from a homemade sound truck on or about October 3, 1969, when she was arrested under Township of Darby Ordinance No. 304. The text of this ordinance is as follows:

"Section 1. That it shall be unlawful and a public nuisance for the operator of any motor driven or horse drawn vehicle or conveyance to ring bells, blow horns or whistles or make any other noise by means of any artificial or mechanical device within the Township except as should be reasonably required in the operation of the vehicle or conveyance as determined by the exigencies of vehicular traffic upon the public streets within the Township."

The parties have further stipulated that this ordinance prohibits any and all noise, produced by an artificial or mechanical device, in excess of that required by operation of the vehicle, regardless of whether or not the noise produced is "loud and raucous". Hence, the sole issue before us on this action for a preliminary injunction is whether plaintiff is likely to prevail, upon final hearing, on her contention that it is an unconstitutional abridgement of the right to free speech for the Township of Darby to prohibit absolutely, within its municipal limits, use of sound equipment which is attached to a vehicle? We answer this question in the affirmative.

As stated by Justice Reed in Kovacs v. Cooper, 336 U.S. 77, 83, 69 S.Ct. 448, 451, 93 L.Ed. 513 (1949), accommodation between the demands of beyond health, morals and safety, and comprehends the duty, within constitutional limitations, to protect the well-being and tranquillity of a community." A state should aim at achieving a wise accommodation between the demands of liberty and those of order. *See id.* at 89, 69 S.Ct. 448 (Frankfurter, concurring). However, if the state is too zealous in the pursuit of order, and freedom of speech is unreasonably restricted, then the regulation in question suffers from a constitutional infirmity. *See,* e. g., Stromberg v. State of Calif., 283 U.S. 359, 369, 370, 51 S.Ct. 532, 75 L.Ed. 1117 (1931).

In Kovacs v Cooper, 336 U.S. 77, 69 S.Ct. 448, 93 L.Ed. 513 (1949), the Court found that an ordinance prohibiting the use of sound trucks which emitted "loud and raucous noises" constituted a reasonable accommodation between the right of free speech and the right of a municipality to protect its citizens from "aural aggression." The Justices did not agree as to whether the ordinance involved should be construed to prohibit all sound trucks, or should be read as prohibiting only sound trucks which emit "loud and raucous noises." Thus the exact relation of *Kovacs* to this case is unclear. However, it is significant that three dissenting Justices (Black, Douglas, Rutledge) who thought that the ordinance constituted an absolute prohibition on the use of sound trucks found that broad prohibition unconsti-

tutional. Three other Justices (Reed, Vinson, Burton), who construed the ordinance more narrowly, stated in *dictum* that an absolute prohibition on the use of sound trucks would be "probably unconstitutional as an unreasonable interference with normal activities." *Id.* at 82, 69 S.Ct. at 451. Thus, at least six of the Justices considered that an absolute prohibition either was, or probably would be, unconstitutional.

 The only apparent legitimate state end to be served by the regulation of sound trucks, and the only justification for such regulation advanced in this case and cases involving like ordinances, Saia v. State of New York, 334 U.S. 558, 68 S.Ct. 1148, 92 L.Ed. 1574 (1948); Kovacs v. Cooper, 336 U.S. 77, 69 S.Ct. 448, 93 L.Ed. 513 (1949), is the protection of the tranquillity of the community or, expressed differently, protection of the community's citizens from disturbance by "aural aggression." A municipality's interest in this regard is very real—especially in our increasingly sound-polluted society—and reasonable regulation of sound trucks, limiting their operation as to time, place of volume, is constitutionally unobjectionable. Kovacs v. Cooper, 336 U.S. 77, 69 S.Ct. 448, 93 L. Ed. 513 (1949). But First Amendment freedoms are so important to our democratic society [1] that they will be staunchly protected by the courts from unnecessary restriction. "These freedoms are delicate * * * supremely precious" and, in order to protect them, "government may regulate in the area only with narrow specificity." N.A.A.C.P. v. Button, 371 U.S. 415, 433, 83 S.Ct. 328, 338, 9 L.Ed. 2d 405 (1963).

 Sound trucks do not in all cases constitute a substantial invasion of societal peace. For one thing, a sound truck may have its volume turned down to a relatively low level, for example in a case where other means (signs, displays, etc.) are employed to attract people, and the audio device is used to deliver a message to those who have gathered nearby. For another, even though it be admitted that, as a practical matter, sound trucks generally have to achieve a pitch that rises above other street noises, see Kovacs v. Cooper, 336 U.S. 77, 81, 69 S.Ct. 448, 93 L.Ed. 513 (1949), this is not tantamount to a finding that the pitch is socially disruptive. What the citizenry is accustomed to is not a constant level of sound, but to an average noise level which includes both periods of relative quiet and periods of relatively harsh and strident noises. Only if a sound truck is a major contributor to the harsh sounds, or if it produces sounds of unusual harshness, or if its harsh sounds last for an unusually long duration, will its sound substantially invade a community's tranquillity. We are of the opinion that sound trucks frequently do not cause substantial disruption in the context of our society. In light of the paramount importance of free speech and of possible uses [2] of sound trucks that are relatively innocuous, it seems to us that certain uses of sound trucks cannot be justifiably prohibited by the municipality, and thus Darby's absolute prohibition on the use of sound trucks is unconstitutionally overbroad.

---

1. In regard to freedom of speech, *see, e. g.*, Thornhill v. State of Alabama, 310 U.S. 88, 95, 60 S.Ct. 736, (1940) ("freedom of speech is a fundamental personal right"); Kovacs v. Cooper, 336 U.S. 77, 88, 69 S.Ct. 448, 454, 93 L.Ed. 513 (1949) ("preferred position of freedom of speech" in our society). And as to the importance of sound trucks in particular, see the dissent of Justice Black in Kovacs v. Cooper at 102–104, 69 S.Ct. 448.

2. In appraising a statute's inhibitory effect upon First Amendment rights, courts may take into account possible applications of the statute in other factual contexts besides that before the court. N.A.A.C.P. v. Button, 371 U.S. 415, 432, 83 S.Ct. 328, 9 L.Ed.2d 405 (1963); Thornhill v. Alabama, 310 U.S. 88, 97, 98, 60 S.Ct. 736, 84 L.Ed. 1093 (1940).

## RELIEF

 The subject plaintiff was speaking to at the time of her arrest is one of public interest. It is an issue in the political campaign which will reach its culmination on November 4. Unless plaintiff has preliminary relief before that date, one phase of her attack will become moot. Hence, unless relief is granted, plaintiff will suffer irreparable injury. And, in light of the foregoing discussion, it seems likely, if not inevitable, that plaintiff will prevail on final hearing. The criteria for granting a preliminary injunction have been met.