THE CITY OF CHICAGO, Plaintiff-Appellee, *v.* ALBERT WITVOET *et al.*, Defendants-Appellants.

(No. 60243;

First District (2nd Division)—June 30, 1975.

James A. Witvoet, of St. Anne, for appellants.

William R. Quinlan, Acting Corporation Counsel, of Chicago (Daniel Pascale and Jerome A. Siegan, Corporation Counsel, of counsel), for appellee.

Mr. JUSTICE LEIGHTON delivered the opinion of the court:

This was a consolidated prosecution of eight farmers and the wives of three of them for violations of a Chicago ordinance. They were tried by a jury; and at the close of all the evidence, the court, on motion of the City, directed verdicts of guilty against each defendant. The verdicts were returned, and for each violation, apportioned among the defendants, the jury imposed a fine of $8.01 and $10 in costs. Judgments on the verdict were entered, from which defendants appeal. The issue presented is whether entering of these judgments was error. The facts are not complicated; they are free from dispute among the parties.

Albert Witvoet and the other defendants are farmers. For more than three generations, they and their kinsmen have come to the 1000 block of West Randolph Street in the City of Chicago where they have sold

fruits and vegetables, and produce of their farms. At various times be-
tween June 29 and October 27, 1973, and in different combinations of
them, defendants came to the block, parked their trucks on the south
side of the street, placed crates and baskets of fruits and vegetables on
the sidewalk, and sold to all who wanted to buy. They were arrested by
Chicago policemen and brought to trial for what was a total of 54 alleged
ordinance offenses, including the charge that, on the occasions in ques-
tion, they violated section 36—49.1 of the Chicago Municipal Code which
provided that "[n]o person shall sell, offer or expose for sale, or solicit
any person to purchase any article whatsoever, except newspapers, on any
public way or public place within the districts heretofore or hereafter
designated by the city council; * * *." (Chicago Municipal Code,
ch. 36, § 36—49.1.) At this point of the provision, there is an asterisk
which refers to a footnote stating that "[o]rdinances designating these
districts will be found on file in the office of the city clerk." The record
before us does not contain any ordinance on file with the city clerk in
which the city council has designated the districts where "[n]o person
shall sell, offer or expose for sale, or solicit any person to purchase any
article whatsoever, except newspapers * * *." Nonetheless, the argu-
ments and contentions of the parties—the City of Chicago contending
that it does; defendants, that it does not—require us to decide whether
defendants violated this ordinance when they sold fruits and vegetables
along the 1000 block of West Randolph Street in the City of Chicago.

It is clear that section 36—49.1 did not expressly prohibit the activities
for which defendants were arrested, charged, and in these quasi-criminal
proceedings, convicted and fined. It does not mention the 1000 block of
West Randolph Street, nor does it proscribe, in express terms, the selling
of fruits and vegetables anywhere. Its terms are generic; and as the
asterisked footnote suggests, it purports to incorporate by reference the
ordinances which designate districts where the city council has said no
person could sell, offer or expose for sale, or solicit any person to purchase
any article whatsoever, except newspapers. But insofar as the record is
concerned, there are no such ordinances. Indeed, the City concedes as
much.

However, the City points to chapter 35, section 35—1 of the Municipal
Code where the city council has provided that "[t]he following public
ways shall be set apart and used for market purposes: The roadways
from curb line to curb line of the following streets: W. Maxwell Street
from the west line of S. Union Avenue to the east line of S. Sangamon
Street, except the roadway of S. Halsted Street; W. 14th Street and W.
14th Place from the west line of S. Halsted Street to the east line of S.
Sangamon Street; which shall be known as the Maxwell Street Market."
On January 15, 1965, this chapter was amended to provide that "[t]he

Maxwell street market shall be open for the sale of all kinds of poultry, meat, fish, fruit and vegetables and all other foodstuffs and for the sale of general merchandise of all kinds * * *." (Chicago Municipal Code, ch. 35, § 35—6.) Consequently, the City argues that since the city council has established the Maxwell Street Market where defendants could sell their fruits and vegetables, it was a violation of section 36—49.1 of the Municipal Code for them to engage in this activity along the 1000 block of West Randolph Street.

In trying to understand this argument, we observe that the ordinance which established the Maxwell Street Market did not restrict the sale of poultry, meat, fish, fruits, vegetables and other foodstuffs only to that market. Certainly, it did not prohibit the sale of fruits and vegetables along the 1000 block of West Randolph Street. Chapter 36, section 36—49.1 of the code is similarly silent concerning the district in which there was a prohibition against the kind of activitiy for which defendants were arrested, prosecuted, convicted and fined. Therefore, no provision of Chicago's Municipal Code told defendants that the selling of fruits and vegetables along the 1000 block of West Randolph Street was unlawful.

■■ Under these circumstances, it was unreasonable, in our view, to charge defendants with notice that they were prohibited from selling fruits and vegetables on West Randolph Street by section 36—49.1, the ordinance under which they were arrested, charged, and in a quasi-criminal proceeding, convicted and sentenced. It is a fundamental principle of our law that no person can be held criminally or quasi-criminally responsible for conduct which he can not reasonably understand to be proscribed. See *Palmer v. City of Euclid, Ohio* (1971), 402 U.S. 544, 546, 29 L.Ed.2d 98, 91 S.Ct. 1563; compare *Coates v. City of Cincinnati* (1971), 402 U.S. 611, 29 L.Ed.2d 214, 91 S.Ct. 1686.

■■ Plainly, the language of section 36—49.1 of Chicago's Municipal Code, insofar as it was applied to defendants' conduct, was vague, uncertain, and therefore void. (*City of Rockford v. Floyd*, 104 Ill.App.2d 161, 243 N.E.2d 837.) Ordinances are construed under the same rules as statutes. (*Village of Park Forest v. Wojciechowski*, 29 Ill.2d 435, 437, 194 N.E.2d 346.) For these reasons, we conclude that chapter 36, section 36—49.1, the ordinance which defendants were charged with violating, did not prohibit the activities for which they were arrested. The charges made against them did not state an offense. Accordingly, entering of the judgments was error. Therefore, they are reversed, and any fines which the City may have collected are ordered remitted to each defendant. See *People v. Meyerowitz*, 61 Ill.2d 200, 335 N.E.2d 1.

Reversed and fines ordered remitted.

DOWNING, P. J., and HAYES, J., concur.