**UNITED STATES LABOR PARTY et al., Plaintiffs,**

v.

**James M. ROCHFORD, Superintendent of Police of the City of Chicago, et al., Defendants.**

No. 75 C 2620.

United States District Court, N. D. Illinois, E. D.

Dec. 31, 1975.

Thomas R. Meites, Lynn Sara Frackman and David A. Goldberger, Chicago, Ill., for plaintiffs.

Henry F. Weber, Asst. Corp. Counsel, Chicago, Ill., for defendants.

## DECISION

McMILLEN, District Judge.

This case comes on to be heard on the motion of the defendants to dismiss the complaint and on motions by both sides for summary judgment. The suit was filed to obtain a declaratory judgment that a certain section of the Municipal Code of the City of Chicago is unconstitutional and for ancillary relief which would result from its unconstitutionality. The ordinance under attack is § 17–4.2 of the Municipal Code of Chicago which was enacted in its present form on December 16, 1969 as follows:

17–4.2. No person shall make or cause, permit or allow to be made upon a public way, or in such close proximity to a public way as to be distinctly and loudly audible upon such public way, any noise of any kind by crying, calling or shouting, or by means of any whistle, rattle, bell, gong, clapper, hammer, drum, horn, hand organ, mechanically operated piano, other musical instrument, wind instrument, mechanical device, radio, phonograph, sound amplifying or other similar electronic device: provided that the said restrictions shall not apply to any licensed peddler crying or calling for the purpose of advertising goods, wares or merchandise when lawfully using any public alley in the city between the hours of 11 a. m. and 6 p. m.

Plaintiffs allege that they have been politically active on behalf of candidates of the United States Labor Party in Chicago and wish to continue their activity pursuant to the First Amendment to the Constitution of the United States. On July 19, 1975 one of the plaintiffs, together with a candidate of the Party for governor, were arrested for violating the above ordinance while making a political speech on a city street in Chicago

using a public address amplifier mounted in a parked automobile. A similar arrest of another Party member was made under substantially the same circumstances on July 5, 1975.

In support of the plaintiffs' motion for summary judgment, one of its attorneys has filed an affidavit stating that the defendant Sheehy, District Commander of the Fourth Police District of the City of Chicago, told him that any use of the sound equipment in making public speeches on the City's streets would violate the ordinance, no matter what modulation of the sound was made. A similar affidavit has been filed by the individual plaintiffs Manti and Leebove. As a result, plaintiffs have ceased making political speeches with sound amplification, and the equipment seized from the plaintiffs on July 19, 1975 was returned to them on condition that the ordinance would not be enforced against the plaintiffs until final disposition of this case. Defendants have not filed any counter-affidavits or answering memoranda to the plaintiffs' motion for summary judgment but have supported their own motions with memoranda.

[The Defendants' Motions to Dismiss]

The first contention of the defendants is that this court should abstain from passing on the constitutionality of § 17–4.2 because the plaintiffs allegedly have charges pending against them in the Circuit Court of Cook County, Illinois which contest the validity of the ordinance. Plaintiffs Manti and Leebove, however, have filed affidavits to the effect that they are not now and never have been subject to civil or criminal prosecution arising out of the violation of this ordinance. Since these affidavits are not contested, we find and conclude that no State action is pending against plaintiffs with regard to this matter but that one is threatened, pending the outcome of this case.

■ In view of these facts, abstention is not required. *Steffel v. Thompson*, 415 U.S. 452, 94 S.Ct. 1209, 39 L.Ed.2d 505 (1974). When an alleged violation of a citizen's rights under the First Amendment is involved, abstention should be avoided. See *Drexler v. Southwest Dubois School Corp.*, 504 F.2d 836, 839, 840 (7th Cir. 1974). Since the plaintiffs should not be required to intentionally violate the ordinance in order to test its validity under the circumstances of this case, we feel justified and even required to proceed to the merits of this case. See also *Doran v. Salem Inn Inc.*, 422 U.S. 922, 95 S.Ct. 2561, 2566–7, 45 L.Ed.2d 648 (1975).

■ Defendant Quinlan, Corporation Counsel of the City of Chicago, has filed his own motion to dismiss the complaint. Since he is not alleged to have taken any specific steps to enforce the ordinance or to supervise its enforcement, and since no prosecution or other actions are pending against the plaintiffs in the State court, we find and conclude that Quinlan, as Corporation Counsel, is not a proper party defendant. Furthermore, he is entitled to qualified immunity which has not been overcome by any pleading or affidavit. *Scheuer v. Rhodes*, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974).

■ On the other hand, the defendant Poston, Commissioner of the Department of Environmental Control, does have an affirmative duty to enforce this ordinance under § 17–1.11 of the Municipal Code of Chicago. He presumably will continue to perform his duty. Therefore, he is a proper party defendant and would be a proper subject of an injunction if the ordinance is found to be unconstitutional.

[Plaintiffs' Motion for Summary Judgment]

Turning to the merits of the plaintiffs' motion for summary judgment, we find and conclude that they are clearly in jeopardy of prosecution should they resume use of amplification equipment on or near the streets of Chicago, as soon as the stipulation expires. The ordinance undoubtedly interferes with their ability to exercise their First Amendment rights in the City of Chicago, since it specifically applies to a public

way or close proximity to a public way where, during the time when many listeners are present, a public address system is reasonably required in order to be heard above the normal noises of the city. If enforced, this ordinance would not only preclude the plaintiffs from any practicable means of addressing potential voters in these areas but would also silence the Salvation Army's Christmas solicitation, the traffic officers' whistle, the horns and sirens of emergency vehicles, and most other "noises" except those of licensed peddlers between 11:00 a. m. and 6:00 p. m. This is clearly the overly broad type of regulation which was held to be unconstitutional in *Saia v. New York,* 334 U.S. 558, 68 S.Ct. 1148, 92 L.Ed. 1574 (1948).

Shortly after the *Saia* decision, a divided court decided *Kovacs v. Cooper,* 336 U.S. 77, 69 S.Ct. 448, 93 L.Ed. 513 (1949). This decision upheld a conviction under an ordinance forbidding the use of amplifiers which emitted "loud and raucous noises" on the streets of Trenton, New Jersey, as construed by the courts of that state. As a result of these two decisions, the First Amendment to the Constitution merely requires that restrictions on the use of amplification for speechmaking be reasonable, both as to the level of sound and the hours and places of use. See *Red Lion Broadcasting v. F.C.C.,* 395 U.S. 367, 387, 89 S.Ct. 1794, 23 L.Ed.2d 371 (1969). Ordinances which lack these qualifications have generally been struck down. E. g., *Maldonado v. County of Monterey,* 330 F.Supp. 1282 (N.D. Calif.1971); *Phillips v. Township of Darby et al.,* 305 F.Supp. 763 (E.D.Pa.1969).

The Chicago ordinance forbids "any noise of any kind" when made on a public way by an amplifier. The only limitation contained in § 17–4.2 is that, when used in the proximity of public ways, the sounds must be "distinctly or loudly audible on such public way". In our opinion, this is a subjective standard which does not adequately advise the speaker of the limits of his First Amendment rights when he is not on a public way. The occasion when the ordinance might be enforced at any distance

from the speaker could depend on the police officer's hearing acuteness (including the condition of the batteries in his hearing aid, if any), his temperament and frame of mind (particularly toward the end of his daily tour of duty), or perhaps on his opinion of the merits of the speech which is being broadcast. It seems to us that, granted that the city has a justifiable interest in the level and type of noise inflicted upon its occupants, it must regulate this by a more objective standard than appears in this ordinance, such as decibel measurements or the amperes used by the amplifier. A test which was found reasonable in *N.A.A.C.P. v. Chester,* 253 F.Supp. 707 (E.D.Pa.1966) was sounds which cannot be "audibly heard" at more than 100 feet from the amplifying machine. The Chicago ordinance governing motor vehicles requires automobile horns to be audible for not less than 200 feet but not "unreasonably loud or harsh" (§ 27–345).

We also note that the ordinance in question herein completely forbids making any noise by "sound amplifying or other similar electronic device" on a public way, whereas such devices can be used in close proximity to a public way if not "distinctly and loudly audible" there. This establishes an invidious distinction between those who would use such devices under certain circumstances in close proximity to a public way, such as in an open window above the street, but forbidding them, even when turned down to minimum volume, when used on a public way. We are not bothered by the exception made for licensed peddlers, since they are not permitted to use amplifiers or similar devices according to the ordinance, but we are concerned with the discriminatory and unpredictable effect which the enforcement of this ordinance could have upon persons such as the plaintiffs. It is not only discriminatory but it is too vague and uncertain to apprise them of any degree of certainty of their rights in close proximity to the public way, unless they completely abandon sound equipment. See *City of Chicago v. Witvoet,* 30 Ill.App.3d 386, 332 N.E.2d 767 (1st Dist. 1975).

■ This ordinance therefore, in our opinion, violates the rights of the plaintiffs under the First and Fourteenth Amendments to the Constitution of the United States. We have jurisdiction under 28 U.S.C. §§ 1331 and 1343, inasmuch as the Civil Rights Act of 1871 is being enforced. There are no genuine issues of material fact, since the ordinance is void on its face because of its vague, discriminatory, and unreasonable interference with the plaintiffs' rights of free speech.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the motion of the plaintiffs for summary judgment is granted and they are ordered to prepare and serve upon the defendants a proposed declaratory judgment and injunction.