THE CITY OF PEORIA, Plaintiff-Appellant, *v.* MICHAEL McMORROW *et al.,*
Defendants-Appellees.

Third District / No. 79-550

Opinion filed August 22, 1980.

Eric Margolis and David L. Thomas, both of Peoria, for appellant.

G. Edward Orr, of East Peoria, for appellees.

Mr. JUSTICE STOUDER delivered the opinion of the court:

This is an appeal from a judgment of the circuit court of Peoria County holding that section 13—8 of the Code of the City of Peoria is unconstitutional. Each defendant was charged with violating section 13—8 in that "he did at or about 8 p.m. visit a place kept within the City for the purpose of permitting persons to gamble for any valuable thing * * *." Defendants moved to dismiss the complaints due to certain alleged defects in the ordinance. The City moved to amend the complaint to read that each defendant knowingly visited a place kept in the city for the purpose of permitting gambling. The city was permitted to amend the complaints, and then the trial court dismissed the complaints, finding the ordinance unconstitutional.

On appeal the sole issue is whether section 13—8 of the Code of the City of Peoria is unconstitutional. We believe that it is.

The ordinance reads in pertinent part "No person shall * * * visit * * * any house, room, yard, boat, vessel or other structure, place or

premises kept within the city for the purpose of permitting persons to game or gamble for any valuable thing." Peoria, Ill., Code §13—8 (1971).

We believe this ordinance lacks sufficient clarity and precision to give individuals the degree of definition constitutionally required in order to allow them to determine if their contemplated behavior is proscribed.

■■ It is an established rule that no person can be held criminally or quasi-criminally responsible for conduct which he cannot reasonably understand to be prohibited. (*City of Chicago v. Witvoet* (1975), 30 Ill. App. 3d 386, 332 N.E.2d 767.) Consequently, laws must be drawn in such a fashion as to state articulable, objective standards pursuant to which one may gauge his conduct. In those instances where ordinances are drafted which do not provide the required degree of certainty, such vagueness and uncertainty render the ordinance void. *City of Rockford v. Floyd* (1969), 104 Ill. App. 2d 161, 243 N.E.2d 837.

■■ We do not believe that the phrase "visit * * * any house, room, yard, boat, vessel or other structure kept within the city for the purpose of permitting persons to game or gamble for any valuable thing" adequately describes conduct which identifies the proscribed behavior. The term "visit" is vague. It is arguable as to what constitutes a visit. The city contends that "visit" means to go and stay at a place for a short time and that this adequately defines "visit." We disagree. Any person walking past a building in which he knows gambling is taking place and sees a friend in the yard of the building and stops to talk for a few minutes could be said to be "visiting" under the State's definition. However, it is obvious the city did not intend to proscribe such behavior. Thus, it can be seen that the city's definition of "visit" fails to clearly describe the behavior intended to be proscribed. Nor have we found any definition of "visit" which clearly describes the proscribed behavior. Indeed, the problem is that words such as "visit" do not lend themselves to a limiting construction. The city fails to describe exactly what behavior is proscribed. Therefore, we believe the ordinance in the present case is impermissibly vague and is therefore unconstitutional.

For the aforementioned reasons, the judgment of the circuit court of Peoria County is affirmed.

Affirmed.

STENGEL and SCOTT, JJ., concur.