THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JULIUS
BUCKNER, Defendant-Appellant.

Fifth District No. 75-83

Opinion filed February 25, 1976.

JONES, J., dissenting.

Stephen P. Hurley and Daniel M. Kirwan, both of State Appellate Defender's Office, of Mt. Vernon, and Herbert Jung, Law Student, for appellant.

Douglas Marti, State's Attorney, of Greenville (Bruce D. Irish and Rolf F. Ehrmann, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE GEORGE J. MORAN delivered the opinion of the court:

This is an appeal from a judgment of conviction of two charges of theft, entered by the Circuit Court of Bond County following defendant's plea of guilty.

Defendant argues that he was not properly informed of his right to counsel at the guilty plea hearing or at the sentencing hearing. We have reviewed the transcript and conclude that defendant was adequately advised concerning his right to counsel at the time the pleas were entered. With regard to Cause No. 74-CM-153, the court stated that, if a plea of not guilty were entered, "you would have the right to * * * employ an attorney of your choice, if indigent, to request the Court to appoint you counsel and the Court would so appoint." Furthermore, the court stated: "[Y]ou might at that time ask for continuance to employ an attorney of your choice or at that time you might request the Court

to consider appointment of counsel for each of you as indigent persons." Defendant responded he understood his rights and then entered a plea of guilty. An almost identical admonition and response was present in Cause No. 74-CM-154, including the statement: "You have a right to have an attorney present at all stages of these proceedings  *  *  *." These admonitions were sufficient to comply with Rule 401(a).

However, with regard to the sentencing hearing, which took place immediately following the pleas of guilty, the record does not disclose that defendant was advised that he had a right to an attorney. We have previously held that where the record fails to demonstrate that defendant was advised of his right to counsel at the sentencing hearing, the sentence must be set aside. (*People v. Gillen*, 20 Ill. App. 3d 134, 312 N.E.2d 644 (1974); *People v. Miles*, 20 Ill. App. 3d 131, 312 N.E.2d 648 (1974).) Appellee cites *People v. McCaffrey*, 29 Ill. App. 3d 1088, 332 N.E.2d 28 (1975), and urges this court to reject its earlier holdings. However, this court reaffirms its position in *Miles* and *Gillen*. Furthermore, this case demonstrates the need for an adequate admonition at the sentencing hearing. The court did not consider probation, because no application had been made. Then too, defendant raised some questions about the sentence which the State's attorney had recommended. An adequate admonition may have resulted in appointment of counsel and effective presentation of defendant's position.

For the foregoing reasons, defendant's convictions of theft are affirmed, and this case is remanded for resentencing at which defendant is to be offered the assistance of counsel.

Affirmed and remanded with directions.

CARTER, J., concurs.

Mr. JUSTICE JONES, dissenting:

I respectfully dissent.

Just a scant month ago, on January 20, 1976, another panel of judges of this court filed an opinion in the case of *People v. Barringer*, 34 Ill. App. 3d 295, 341 N.E.2d 386 (1976), in which it was held that where a sentencing hearing immediately follows a guilty plea it is unnecessary to again advise defendant of his right to be represented by an attorney at that sentencing hearing.

The majority opinion is squarely contradictory to *Barringer* and makes no reference to *Barringer* although the author of the majority opinion was a member of the panel that decided *Barringer*.

This case is in no way dissimilar from *Barringer*. Both are negotiated

pleas of guilty in which there was a knowing waiver of counsel during the guilty plea proceeding which was followed immediately and without interruption by the sentencing hearing.

As part of the guilty plea proceeding defendant Buckner was advised as follows regarding his rights to counsel, and I quote:

"THE COURT: You have a right to have an attorney present *at all stages of this proceedings* or, in the alternative, if an indigent person, to request the Court to appoint you counsel and if found to be an indigent the Court would appoint you counsel. [Emphasis added.]

\* \* \*

Again, this is the third or fourth time we have gone through this this afternoon, but again I ask you, do you have any questions about the nature of the charge, the possible maximum sentence or your legal and constitutional rights, \* \* \* ?

DEFENDANT BUCKNER: No, sir.

\* \* \*

THE COURT: In a moment, I will ask each of you how you plead. You might respond by a plea of guilty or in the alternative to a plea of not guilty or at that time request a continuance for the purpose of employing an attorney of your choice or in the alternative to ask the Court to appoint you counsel. Do you understand that, \* \* \* ?

DEFENDANT BUCKNER: Yes, sir.

\* \* \*

THE COURT: And Mr. Buckner, do you also understand that by your plea of guilty that you're telling me that you wish to waive or give up your right to trial by jury and your right to an attorney?

DEFENDANT BUCKNER: Yes, sir.

THE COURT: Is that your desire?

DEFENDANT BUCKNER: Yes, sir."

In the face of these extensive admonishments of the right to counsel it cannot seriously be contended that the defendant did not understand his rights to counsel, either retained or appointed, at all stages of the proceeding.

I believe *Barringer* to be the correct result and I would adhere to it.