THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
DWIGHT L. WRIGHT, Defendant-Appellant.

Fifth District   No. 75-340.

Opinion filed August 9, 1976.

Stephen P. Hurley and Daniel M. Kirwan, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Donald E. Irvin, State's Attorney, of Mt. Vernon (Bruce D. Irish, of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE EBERSPACHER delivered the opinion of the court:

Pursuant to negotiations defendant, Dwight L. Wright, pled guilty to the offense of unlawful delivery of a controlled substance and was sentenced to three years' probation by the circuit court of Jefferson County. The court also fined him $1,500. As part of the agreement, defendant was to "sign over" title to his 1969 Cadillac to the county and receive a credit of $1,400 towards his $1,500 fine. The only issue defendant presents for review is whether his waiver of counsel was entered knowingly and intelligently.

Defendant appeared *pro se* on May 19, 1975, to enter his guilty plea to the instant charge. Following recital of the indictment and the statutory language of the offense and possible penalties, the judge admonished defendant of the various rights he would be waiving by pleading guilt. The judge then accepted defendant's waiver of his right to counsel as follows:

"THE COURT: * * * You have a right to have an attorney represent you; * * *

* * *

THE COURT: You understand your right to a lawyer?

THE DEFENDANT: Yes.

* * *

THE COURT: And you have handed me what purports to be a written waiver of trial by jury and plea of guilty to this charge. Do you understand by that acceptance that you waive or giving [*sic*] up your rights to a lawyer; giving up your right to a trial by jury, do you understand that?

THE DEFENDANT: Yes."

Defendant then gave his age as 21 and indicated that he understood that the plea constituted an admission of the crime charged and a waiver of certain rights. He also acknowledged the voluntariness of the plea. After the prosecutor set forth the terms of the plea agreement, defendant indicated his concurrence and again stated that he was proceeding voluntarily. The court admonished defendant of the possibility of a prison sentence if he should violate the conditions of his probation. The prosecutor then gave a factual basis for the plea, stating that he was prepared to prove that defendant sold a derivative of barbituric acid for $11 to Special Agent Larry Cork on March 21, 1975, in Mt. Vernon. The court then accepted defendant's plea and advised him of his right to withdraw his plea and plead not guilty, which defendant declined to do.

■■ Defendant contends that the record fails to show a knowing and intelligent waiver of counsel because the court failed to inform him of his right, if indigent, to a court-appointed attorney.

A finding of waiver of counsel will not be made unless it appears from the record that the trial judge specifically offered, and the accused knowingly and understandingly rejected, the representation of appointed counsel. (*People v. Bush*, 32 Ill. 2d 484, 207 N.E.2d 446; *People v. Melvin*, 28 Ill. App. 3d 1090, 329 N.E.2d 890. *See Argersinger v. Hamlin*, 407 U.S. 25, 32 L. Ed. 2d 530, 92 S. Ct. 2006 (1972); Ill. Rev. Stat. 1975, ch. 110A, par. 401(a)(3).) A routine inquiry whether an accused wants an attorney, without specifically advising the accused that if he were indigent and desired to be represented by counsel, one would be provided for him, is insufficient. (*People v. Melvin; People v. Slaten*, 13 Ill. App. 3d 317, 300 N.E.2d 46.) The instant record discloses that defendant was never advised that if indigent, an attorney would be furnished at no cost to him. That defendant had in his possession when he pled guilty, a 1969 Cadillac valued by the prosecutor at $1,400 did not, *ipso facto*, render him ineligible for court-appointed counsel. A determination of ability to pay must include a balancing of assets against liabilities and consideration of a defendant's income. In the instant case the judge made no inquiry into defendant's financial status. The factual question of defendant's ability to afford counsel thus being unresolved, it was even more incumbent upon the court to admonish defendant that, if indigent, he would be entitled to the services of appointed counsel. In light of the foregoing circumstances, we must conclude that the trial court did not comply with the mandates of Supreme Court Rule 401 (Ill. Rev. Stat. 1975, ch. 110A, par. 401). Accordingly, we reverse defendant's conviction and remand this case to allow defendant to plead anew.

As a condition of defendant's probation, pursuant to plea negotiations, defendant was ordered by the trial court to pay court costs of $57.40 and a fine of $1,500. The trial court further ordered that:

"The Defendant shall surrender all right, title, claim, and interest in the Cadillac automobile he owns free of any lien to the County of Jefferson, said automobile to become a part of the equipment of the Jefferson County sheriff's office for the use of the sheriff's office. If the sheriff finds the automobile to not be needed then the sheriff shall sell same and use all proceeds therefrom for law enforcement equipment. The Defendant to receive credit of $1,400.00 for surrender of the automobile towards his fine. $50 of fine to be paid in cash July 1, balance of fine August 1, costs on or before Sept. 1, 1975 to be paid."

■■ Defendant asks for a refund of the fine and court costs. It must first be noted that this transaction, negotiated by the State's Attorney and

ordered by the trial court, is, in our opinion, highly improper. We assume that the idea behind defendant's surrender of his vehicle in partial payment of his fine arose from the statutory provisions permitting the seizure and forfeiture of vehicles used in the commission of certain offenses (Ill. Rev. Stat. 1975, ch. 38, par. 36—1 *et seq.*). However, the instant transaction was clearly not made pursuant to these provisions.

Section 5—9—1 of the Unified Code of Corrections (Ill. Rev. Stat. 1975, ch. 38, par. 1005—9—1) provides for the imposition of a fine as part of a sentence and section 404 of the Controlled Substances Act (Ill. Rev. Stat. 1975, ch. 56½, par. 1404) under which defendant was prosecuted, specifies the limit for a fine imposed thereunder to be not more than "$15,000." Section 5—6—3(b)(2) of the Unified Code of Corrections (Ill. Rev. Stat. 1975, ch. 38, par. 1005—6—3(b)(2)) additionally allows a court to make the payment of a fine a condition of probation. Clearly a "fine" as the word is used in these provisions cannot be anything other than a sum of money exacted as a pecuniary punishment. (See *People ex rel. Mayfield v. City of Springfield*, 16 Ill. 2d 609, 158 N.E.2d 582.) On the other hand we find no authority which permits a court to substitute a conveyance of property in lieu of a sum of money in satisfaction of a properly imposed fine. Consequently, the trial court had no authority to order payment of the fine imposed through a conveyance of defendant's property. Such an order, in our opinion, violates public policy by placing the court in a position of disrepute in the eyes of the community, especially when, brought to its limits, the court becomes a procurer of goods and services for the county. Moreover, the State's Attorney exceeded his authority by agreeing to the terms that he negotiated. Under the provisions of the fees and salaries act it is the duty of the State's Attorney to attend to the collection of all fees, fines, forfeitures and penalties and unless otherwise provided for, to pay these over to the county treasurer in order that a fund may be had from which the salary of the State's Attorney and his assistants may be paid. (Ill. Rev. Stat. 1975, ch. 53, pars. 18a and 19.) The automobile defendant surrendered was specifically procured by the State's Attorney for the use of the county sheriff's office contrary to the statutory provisions. Additionally, we note that since there is no evidence in the record showing the actual value of the 1969 Cadillac, it is not even clear that the fine imposed—$1500—was in fact collected in full. Therefore, the trial court should not have accepted the terms of the negotiated plea agreement between the State's Attorney and defendant. We consider negotiation for the satisfaction of a negotiated fine by a county officer accepting an accused's property, even for county use, as highly improper as against public policy, and the trial court's apparent approval of such negotiation as reversible error.

■■ Defendant contends that he is entitled to be refunded, in a sum of

money, the $1,500 fine and the $57.40 court costs. However, as we have mentioned, there is no evidence in the record that the vehicle was worth the amount credited to defendant. Under the terms of the agreement between the State's Attorney and defendant, defendant, although without the advice of counsel, had agreed to the surrender of his vehicle to the sheriff's office to be either used or sold by it. The record does not show the ultimate disposition of the vehicle. We therefore hold that defendant is entitled to recover the fine and costs, *as paid*, and without interest. (*People v. Meyerowitz*, 61 Ill. 2d 200, 335 N.E.2d 1; *City of Chicago v. Witvoet*, 30 Ill. App. 3d 386, 332 N.E.2d 767.) Thus, depending on the disposition of the vehicle, defendant should recover either the vehicle itself or the proceeds obtained by the sheriff's office therefrom as a refund of his "$1400" credit.

■■ Defendant next contends that if the fine is refunded in part by a return of his vehicle then he should receive an additional sum of money equal to the use and benefit the county received from his automobile.

Our supreme court in commenting on the recovery of fines and costs held in *Meyerowitz*:

"No interest is due for the reason that the fines and costs were collected in good faith, and there is no statutory provision for interest in this situation. *Lakefront Realty Corp. v. Lorenz* (1960), 19 Ill. 2d 415." (61 Ill. 2d at 211, 335 N.E.2d at 7.)

For the same reasons, no money is due for the use and benefit the county may have received from the vehicle.

The judgment of the circuit court of Jefferson County is reversed and the case remanded to allow defendant to plead anew.

Reversed and remanded with directions.

KARNS, P. J., and G. J. MORAN, J., concur.