THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
JAMES J. GRAMLICH, Defendant-Appellant.

Fifth District   No. 78-192

Opinion filed March 13, 1979.

Michael J. Rosborough and John H. Reid, both of State Appellate Defender's Office, of Mt. Vernon, and Michael J. Reagan, research assistant, for appellant.

Charles V. Romani, Jr., State's Attorney, of Greenville (Raymond F. Buckley, Jr., and Stephen J. Maassen, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE JONES delivered the opinion of the court:

The defendant, James J. Gramlich, appeals from convictions on two burglary charges and one attempt (burglary) charge entered upon negotiated pleas of guilty before the circuit court of Bond County. Defendant was sentenced to the Department of Corrections in accord with the negotiations for not less than two years nor more than six years on each conviction. Said sentences were to be served concurrently.

■■ The State initially contends that the appeal should be dismissed, because the defendant failed to file a motion to vacate his plea of guilty pursuant to Supreme Court Rule 604(d) (Ill. Rev. Stat. 1977, ch. 110A, par. 604(d)). After imposing sentence the court stated to defendant:

"All right. Sentence will be carried out. Finally Mr. Gramlich, you have a right to file a Motion to Vacate the pleas and judgments of guilty heretofore entered. To protect that right, you must file that Motion within 30 days. Failure to file it would waive any claim of error in these proceedings. Should it be filed and allowed, the cases would start over from their inception point and set down for trial. In the event that you are an indigent person, you have a right to request the Court to appoint you counsel and provide you copies of this transcript without any charge. Do you understand your Motion to Vacate Plea and Judgment of Guilty?

DEFENDANT GRAMLICH: Yes, sir.

THE COURT: It must be filed within 30 days or you waive any claim of error in these proceedings?

DEFENDANT GRAMLICH: Yes, sir.

THE COURT: Any questions?

DEFENDANT GRAMLICH: No, sir.

THE COURT: Okay, you will be remanded back to the custody of the Sheriff."

Supreme Court Rule 605(b) requires that:

> *"On Judgment and Sentence Entered on a Plea of Guilty.* In all cases in which a judgment is entered upon a plea of guilty, at the time of imposing sentence, the trial court shall advise the defendant substantially as follows:
>
> (1) That he has a right to appeal;
>
> (2) That prior to taking an appeal he must file in the trial court, within 30 days of the date on which sentence is imposed, a written motion asking to have the judgment vacated and for leave to withdraw his plea of guilty, setting forth his grounds for the motion;
>
> (3) That if the motion is allowed, the plea of guilty, sentence and judgment will be vacated and a trial date will be set on the charges to which the plea of guilty was made;
>
> (4) That upon the request of the State any charges that may have been dismissed as a part of a plea agreement will be reinstated and will also be set for trial;
>
> (5) That if he is indigent, a copy of the transcript of the proceedings at the time of his plea of guilty and sentence will be provided without cost to him and counsel will be appointed to assist him with the preparation of the motions; and
>
> (6) That in any appeal taken from the judgment on the plea of guilty any issue or claim of error not raised in the motion to vacate the judgment and to withdraw his plea of guilty shall be deemed waived." (Ill. Rev. Stat. 1977, ch. 110A, par. 605(b).)

In the case at bar, the trial court did not substantially comply with Supreme Court Rule 605(b). Three sections in Supreme Court Rule 605(b) refer to either defendant's right to appeal or actions which must be taken by the defendant in order to perfect that right. Nowhere in the sentencing hearing did the court refer to defendant's right to appeal. Therefore, we will consider the issues raised by defendant on appeal. See *People v. Ryant* (5th Dist. 1976), 41 Ill. App. 3d 273, 354 N.E.2d 395.

Defendant initially contends that he was never properly "advised of his right to counsel if he were indigent; and was never advised that a lawyer would be appointed free of charge;" and that the statements of the trial court could reasonably be interpreted to mean that the defendant was entitled to appointed counsel only if he pleaded not guilty. Defendant made his initial appearance on the attempt murder charge and

one of the burglary charges on January 31, 1978. The case was continued until February 17, 1978, and then continued to February 23, 1978. On February 23, 1978, the second burglary charge was filed. At that time defendant and the State entered into the negotiated pleas.

Defendant's major complaint is that Supreme Court Rule 401 (Ill. Rev. Stat. 1977, ch. 110A, par. 401) requires the court to admonish defendant that he has a right to counsel and, if he is indigent, to have counsel appointed for him by the court.

At his initial appearance before the court on January 31, 1978, the defendant was advised by the court:

"Also I told Mr. Simpson, you are entitled to employ counsel. A person who cannot afford counsel has a right to request the court to appoint new counsel. If I agree, I would so appoint.

THE COURT: And then on this matter of an attorney, as you heard, Mr. Simpson previously indicated he thought he would try to employ counsel either by himself or his family. You don't need to do that. I mean you have a right to request the Court to appoint you counsel; but I'm wanting to know today if you know whether or not you're going to have to request appointment or whether you would prefer to try to first employ counsel yourself or through your family.

DEFENDANT GRAMLICH: I think I'll try to get one for myself.

THE COURT: So you're not making your request for appointment today. Now so there is no misunderstanding today you are aware that if you are unable, unsuccessful to employ counsel, then the responsibility would be yours to either come back in here; or in the event that you are in custody, ask the Sheriff to be brought back into court at which time you would execute or complete under oath an Affidavit about your assets and liabilities; and that would be the basis of how we determine whether we appoint you a lawyer or not."

At his second appearance before the court on February 17, 1978 the defendant was addressed as follows by the court:

"Now at that date and time reference to defendant's initial appearance you also informed the Court that apparently you were not making any request for appointment of counsel and were informed of the date and time. Am I correct then, Mr. Gramlich, as you now appear here that you are representing yourself and are still not making any request for appointment of counsel? Am I correct?

DEFENDANT GRAMLICH: Yes, sir."

At his third and final appearance before the court the defendant

entered his negotiated plea of guilty. The following was part of the admonishments given defendant by the court:

> "If you cannot afford counsel, you would have a right to request the court to appoint you counsel. If I agree, I would so appoint."

■ We have examined the entire record on appeal and are of the opinion that the court substantially complied with Supreme Court Rules 401 and 402 (Ill. Rev. Stat. 1977, ch. 110A, pars. 401 and 402). *People v. Buckner* (5th Dist. 1976), 36 Ill. App. 3d 116, 343 N.E.2d 231.

■ Defendant's second contention is that the trial court failed to advise the defendant of his right to counsel at the sentencing hearing. However, as pointed out previously in this opinion, the pleas were negotiated and the court complied with Supreme Court Rule 402(d). (Ill. Rev. Stat. 1977, ch. 110A, par. 402(d).) In these types of proceedings, in which the court conditionally concurs in the negotiations, there is, for all practical purposes, but one hearing. When a negotiated plea is employed, and the trial court concurs in the disposition by the parties, there is no necessity for a formal sentencing hearing. *People v. Barto* (1976), 63 Ill. 2d 17, 344 N.E.2d 433.

■ ■ Defendant's last contention is that defendant did not waive a presentence report. Pursuant to section 8—2—4(b), the amended Unified Code of Corrections (Ill. Rev. Stat. 1977 Supp., ch. 38, par. 1008—2—4(b)), defendant elected to be sentenced under the law in effect at the time of the offenses. Section 5—3—1 of the Unified Code of Corrections (Ill. Rev. Stat. 1977, ch. 38, par. 1005—3—1) stated:

> "*Presentence Investigation.* A defendant shall not be sentenced before a written presentence report of investigation is presented to and considered by the court where the defendant is convicted of a felony. The defendant may waive the presentence investigation and written report.
>
> The court may order a presentence investigation of any defendant."

The foregoing section was not intended to require a full-blown sentencing hearing when the trial judge had already indicated his concurrence in the disposition proposed by the parties. In fact, a defendant, by his conduct in inducing the trial court to impose an agreed sentence, may be estopped from a belated assertion of statutory right to a pre-sentence report. (*People v. Barto* (1976), 63 Ill. 2d 17, 344 N.E.2d 433.) We also note that the court followed sections 5—3—1, 5—5—3.1, and 5—5—3.2 of the amended Unified Code of Corrections (Ill. Rev. Stat. 1977 Supp., ch. 38, pars. 1005—3—1, 1005—5—3.1, and 1005—5—3.2). Defendant's prior history of criminality consisted of assault and disorderly conduct convictions. The court found that the three convictions indicated that the negotiated sentence was proper. Defendant then stated that he was

satisfied with the sentence and had no questions about the proceedings.

Defendant relies on *People v. Wright* (5th Dist. 1976), 41 Ill. App. 3d 364, 353 N.E.2d 711 which is inapposite to the case at bar. In *Wright*, defendant was never advised that if he were indigent, the court would appoint counsel to represent him. The defendant cites *Wright* for the proposition that the court should *sua sponte* determine the defendant's financial status in order to determine his ability or inability to afford private counsel. However, *Wright* ruled that due to lack of admonishment that defendant would be appointed counsel if he were indigent, there must be some showing in the record, that absent that admonishment, no error was committed as the record must affirmatively show that defendant would not be entitled to court appointed counsel. Likewise in *People v. Melvin* (5th Dist. 1975), 28 Ill. App. 3d 1090, 329 N.E.2d 890, defendant was never advised that he had a right to court-appointed counsel if he were indigent.

Defendant also relies on *People v. Buckner* (1976), 36 Ill. App. 3d 116, 343 N.E.2d 231, in which a sentencing hearing was conducted immediately following defendant's plea of guilty. This court remanded the case for a new sentencing hearing because the record failed to demonstrate that defendant was advised of his right to counsel at the sentencing hearing. There is no indication in the *Buckner* opinion that the pleas were negotiated. However, in the case at bar, the pleas were negotiated in compliance with Supreme Court Rule 402(d) (Ill. Rev. Stat. 1977, ch. 110A, par. 402(d)), and there is no necessity of a formal sentencing hearing. (*People v. Barto* (1976), 63 Ill. 2d 17, 344 N.E.2d 433.) Therefore, as previously decided, defendant was properly advised of his right to counsel, retained or court appointed, and waived that right.

Affirmed.

G. MORAN, P. J., and KARNS, J., concur.