THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* RICHARD AHLSTRAND, Defendant-Appellant.

Second District   Nos. 81—419, 81—961 cons.

Opinion filed March 21, 1983.

G. Joseph Weller, John Wimmer, and Mary Robinson, all of State Appellate Defender's Office, of Elgin, for appellant.

J. Michael Fitzsimmons, State's Attorney, of Wheaton (Phyllis J. Perko and Barbara Preiner, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE VAN DEUSEN delivered the opinion of the court:

This is a consolidated appeal from which defendant appeals four convictions. All of the cases against defendant were disposed of in a single proceeding wherein defendant pled guilty. Two charges of armed robbery in cases Nos. 80 CF 641 and 80 CF 642 were appealed as No. 81—419 within 30 days of defendant's conviction. Additional charges of armed robbery and robbery in cases Nos. 80 CF 1154 and 80 CF 1155 were appealed as No. 81—961 pursuant to defendant's motion for late notice of appeal, which was granted by this court. Subsequently, the State moved to dismiss these appeals because defendant had not moved to withdraw his guilty pleas in accordance with Supreme Court Rule 604(d) (87 Ill. 2d R. 604(d)), and this motion was ordered taken with the case.

The State also contends on appeal that this court does not have jurisdiction of these appeals because no valid notice of appeal was filed. This is so, the State argues, because the notice of appeal in No. 81—419 reveals on its face that the signature of the defendant, Richard Ahlstrand, was affixed not by the defendant personally but by Mrs. Josephine Ahlstrand. The State correctly points out that Supreme Court Rule 606(a) (87 Ill. 2d R. 606(a)) provides that the filing of a notice of appeal is jurisdictional and that it must be signed by the defendant, his attorney, or the clerk of the trial court. The record in this matter does, however, establish that Mrs. Josephine Ahlstrand was the mother of the defendant, filed the notice at the defendant's request, and signed his name. The State has not in any way suggested how it has been prejudiced, nor has the State cited any case law in support of its position. The defect is one of form rather than substance and as such does not preclude an appeal of these convictions. See *People v. Mason* (1969), 118 Ill. App. 2d 47, 50-51.

On appeal, defendant concedes that his failure to file a motion to withdraw his guilty pleas as required by Supreme Court Rule 604(d) ordinarily precludes an appeal even where a *pro se* notice of appeal is filed within the 30-day period, at least where defendant has been properly admonished of the requirements of Rule 604(d). *People v. Frey* (1977), 67 Ill. 2d 77.

The single issue raised by defendant upon this appeal is that the trial court failed to substantially comply with the requirements of Supreme Court Rule 605(b) (87 Ill. 2d R. 605(b)), and therefore, this matter should be remanded to the trial court to allow defendant an opportunity to file a motion to withdraw his guilty pleas.

Defendant sets forth no other claims of error. As was pointed out in no uncertain terms in *People v. Saldana* (1977), 53 Ill. App. 3d 636, 638, defendant should have accompanied his request for remandment with a showing of the facts upon which he relies to secure a withdrawal of his guilty pleas. If the claim of error is one which may be supported by the record, the reviewing court will then be in a position to review the case without an unnecessary remandment and thus effect a saving of judicial time. (53 Ill. App. 3d 636, 638.) The bare statement that defendant may have claims of error based, in part, on matters outside of the record is not enough. The dilemma faced by the appellate court in *People v. Saldana* is not before us, however, since our review of the record convinces us that the trial court did substantially comply with the requirements of Supreme Court Rule 605(b) and, as defendant did not comply with companion Rule 604(d), this appeal must be dismissed. *People v. Schmidt* (1978), 59 Ill. App. 3d 762, 765.

At the close of the sentencing hearing, the trial court advised the defendant as follows:

"THE COURT: Now, even though you have entered a plea of guilty, you have a right to appeal the sentence of the Court. However, *before you can appeal,* you must file in this Court in writing within 30 days of today's date a motion asking to withdraw your plea of guilty and listing all of the legal grounds on which you rely to withdraw your plea of guilty and vacate the sentence.

If you fail to set forth any one particular ground, *it could be waived for purposes of any appeal.*

If you are indigent and cannot afford an attorney for any appeal purposes, I will appoint one to represent you in the appeal proceeding and a record of the sentencing hearing will also be made available to you free of charge.

DEFENDANT AHLSTRAND: Yes.

THE COURT: Do you have any questions regarding your right to appeal and what you have to do to perfect an appeal?

DEFENDANT AHLSTRAND: No. I would just ask my lawyer, if I do. I don't, but I will ask him if I do." (Emphasis added.)

In support of his position that the admonitions of the trial court were insufficient, defendant relies upon *People v. Brooks* (1977), 54 Ill. App. 3d 963, and *People v. Gramlich* (1979), 69 Ill. App. 3d 23. In *Brooks*, the defendant, as a result of the court's admonitions, was left with the impression that he could appeal the sentence alone without first filing a motion to withdraw his guilty plea, and this misapprehension of the defendant was reinforced when the court told him that a public defender would file defendant's notice of appeal despite the fact that no motion to vacate his guilty plea had been filed. Since the defendant was unaware that it was necessary to file a motion to withdraw his guilty plea, as required under Rule 604(d), before taking an appeal, the appellate court in *Brooks* excused compliance with that rule.

Similarly, in *People v. Gramlich* (1979), 69 Ill. App. 3d 23, while the trial court advised the defendant that he had a right to file a motion to vacate the plea and judgment entered against him, at no time did the court refer to defendant's right to appeal or explain that the motion to withdraw the plea was a prerequisite to the taking of an appeal. Under these circumstances, the trial court also excused compliance and considered the appeal on its merits.

Such is not the case here. The judge's admonitions concerning the defendant's obligations to file a motion to vacate the judgments and withdraw his guilty plea before he could take an appeal were definite and explicit and complied in detail with the requirements of Rule 605(b)(2). Unlike the defendants in *Brooks* and *Gramlich*, defendant Ahlstrand was properly advised of his obligation to file a motion to withdraw his plea of guilty and to vacate the judgment before taking an appeal.

On this appeal defendant Ahlstrand does not contend that the trial court did not properly explain the requirements imposed upon him by Rule 604(d) or that he did not understand the trial court in this regard. Rather, his only contention is that the admonitions of the trial court indicated to him that he could appeal his sentences only, not his convictions.

While the trial judge's introductory statement might be construed as limiting defendant's right to appeal to the sentences imposed

rather than the convictions, a reading of the complete admonition goes a long way toward dispelling any such misapprehension. Any possible ambiguity in this regard, however, does not lessen the clarity of the court's explanation that "before you can appeal, you must file \*\*\* a motion \*\*\* to withdraw your plea of guilty \*\*\*."

Finally, the defendant's contention that, as a result of the court's admonitions, he believed that he could appeal only the sentence is refuted by the acts of the defendant in filing a *pro se* notice of appeal within 30 days in which he appealed not only his sentences but his convictions.

The defendant failed to comply with the requirements of Rule 604(d), and his appeals are therefore dismissed.

Appeals dismissed.

NASH and LINDBERG, JJ., concur.