2024 IL App (1st) 240622-U
Order filed: August 30, 2024

FIRST DISTRICT
FOURTH DIVISION

No. 1-24-0622B

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT
_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 22 CR 2640 |
| | ) | |
| BRUCE CLAVER, | ) | Honorable |
| | ) | Anjana M.J. Hansen, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

PRESIDING JUSTICE ROCHFORD delivered the judgment of the court.
Justices Hoffman and Martin concurred in the judgment.

**ORDER**

¶ 1    *Held*:    We dismiss this appeal for lack of appellate jurisdiction where defendant's spouse, a nonlawyer, affixed her signature to the Rule 604(h) notice of appeal.

¶ 2    This is an appeal from the order of the circuit court granting the State's petition for revocation of pretrial release of defendant-appellant, Bruce Claver, pursuant to article 110 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/110-1 *et seq.* (West 2022)), as amended by Public Act 101-652 (eff. Jan. 1, 2023), commonly known as the Pretrial Fairness Act (Act).[1]

_____

[1] While commonly known by these names, neither the Illinois Compiled Statutes nor the forgoing public act refer to the Act as the "Safety, Accountability, Fairness and Equity-Today" Act, *i.e.*, SAFE-T Act, or the "Pretrial Fairness Act." See *Rowe v. Raoul*, 2023 IL 129248, ¶ 4 n. 1. Certain provisions of the legislation in question were amended by Pub. Act 102-1104 (eff. Jan. 1, 2023). See *Rowe*, 2023 IL 129248, ¶ 4. The supreme court initially stayed the implementation of this legislation but vacated that stay

No. 1-24-0622B

Amy Claver, defendant's wife, (Amy) signed her own name on the notice of appeal. She also affixed her signature on notices of appeal in six other cases in which the circuit court had ordered that defendant be detained pretrial. We find that the notice of appeal violates Illinois Supreme Court Rule 606(a) (eff. Dec. 7, 2023) and is a nullity and dismiss this appeal for lack of appellate jurisdiction.

¶ 3    Our factual background will include some discussion of defendant's other cases for an understanding of the issues on appeal. In the circuit court, defendant was represented by private counsel in all of his cases.

¶ 4    On January 10, 2022, defendant was arrested and charged, by felony complaints, in the Municipal Division in case number 222000015, with predatory criminal sexual assault and aggravated criminal sexual assault of child victims. The circuit court set a $250,000 "Deposit Bond" and set special conditions if defendant was released, which would prohibit him from contact or communication by any means including social media with the victims and being at or near their homes, school, or work and prohibiting him from having any contact with the witnesses and any person under 18 years of age excluding family members. Defendant posted bond and was released. On March 3, 2022, the Municipal Court charges were superseded by indictment and became case numbers 22 CR 2640, which is the subject of this appeal, 22CR 2641, and 22 CR 2642 in the Criminal Division. The offenses, against the three victims, were alleged to have occurred from March 2012 through March 2015, January 2012 through January 2014, and February 2014 through February 2016, respectively.

_____

effective September 18, 2023. *Id.* ¶ 52.

¶ 5 On February 4, 2022, defendant was arrested and charged, by felony complaints, in the Municipal Division in case number 222001421, with aggravated criminal sexual abuse of a child and family member and predatory criminal sexual assault of a child. The circuit court ordered that defendant be held without bond and prohibited him from contact with the victim or anyone under 18 years of age. On March 3, 2022, the Municipal Court charges were superseded by indictment and became case numbers 22 CR 2643 and 22 CR 2644 in the Criminal Division. The offenses, against the two minor victims, were alleged to have occurred from September 2012 through November 2013 and July 2011 through July 2013, respectively.

¶ 6 On June 8, 2022 the circuit court, in response to defendant's motions to reduce bond, set bond at $150,000 "Deposit Bond" in case number 22 CR 2643 and $200,000 "Deposit Bond" in case number 22 CR 2644. In both cases, the court ordered that if he posted bond, defendant should be placed on electronic home monitoring (EHM). Defendant, again, posted bond and was released on EHM.

¶ 7 On December 11, 2023, Glenview Police Detectives (GPD), United States Secret Service (USSS), and the Cook County Sheriff's Police Investigator executed a search warrant at defendant's residence where defendant and Amy were present. Officers recovered 22 electronic devices, including multiple USB drives and laptops from the residence and one Samsung cellphone from defendant's person.

¶ 8 On that day, defendant was arrested and charged, by felony complaints, in the Municipal Division in case number 232002367 with nine counts of manufacturing child pornography. The offenses were said to have occurred on or about September 19, 2016. On December 13, the court issued a written "order after pretrial detention hearing" pursuant to sections 110-2 and 110-6.1 of the Code (725 ILCS 5/110-2, 110-6.1 (West 2022)) denying the State's petition for pretrial

detention. As conditions of his pretrial release, defendant was placed on EHM and prohibited from contacting anyone under the age of 18 and accessing the internet. On January 8, 2024, The Municipal Court charges were superseded by indictment and became case number 24 CR 497 in the Criminal Division.

¶ 9    On March 6, 2024, defendant was arrested and charged in the Municipal Division in case number 242000385 with 11 counts of possession of child pornography on or about December 11, 2023. These charges stem from an analysis of defendant's electronic devices which were seized during the search of defendant's home. Defendant was arrested, while on a furlough day from EHM, at a public library where he had been using the library's computers. GPD seized a USB drive, a Samsung cellphone, a micro-SD memory card, and a library-owned laptop. GPD also recovered defendant's backpack which included a printed manual of materials pertaining to strategies in defending child-related sex cases and discrediting child victims.

¶ 10    On March 8, 2024, based on the State's petition, Judge Lorraine Mary Murphy conducted a detention hearing. Following the hearing the court made the necessary findings, granted the State's petition, and ordered defendant detained pending trial. The court admonished defendant: "You have 14 days to appeal my decision. If you couldn't afford to hire a lawyer, one will be appointed to you free of charge for the appeal." Defendant responded: "Does that mean I can get a Public Defender while I still retain my attorney?" The court answered: "For the appeal, yes. That's what the rights are. So that's up to you. You have 14 days to do so."

¶ 11    The State also filed a petition in this case and defendant's five other Criminal Division cases, seeking revocation of defendant's pretrial release on the ground that defendant had now been charged with possession of child pornography. That same day, after a hearing, Judge Anjana M.J. Hansen granted the State's petitions to revoke defendant's pretrial release. The court entered

a written order in each case reflecting that ruling. Judge Hansen admonished defendant that he had the right to appeal the orders within 14 days and an appellate attorney would be appointed if he could not afford one. Defendant indicated that he understood the admonishments.

¶ 12    On March 21, 2024, Amy, defendant's wife and a nonlawyer, filed a notice of appeal under Illinois Supreme Court Rule 604(h) (eff. Dec. 7, 2023) in each of defendant's seven cases. Amy used the template form notice of appeal which had been approved at that time for Rule 604(h) appeals.

¶ 13    In the notice filed in this appeal, under the nature of the order appealed, Amy checked "denying pretrial release." After relief requested, Amy wrote that defendant was seeking "Home confinement w/ electronic monitoring". The notice indicated that the order being appealed was dated "21 March 2024," stated the hearing regarding pretrial release took place on March 8, 2024, and attached to the notice of appeal the March 8 pretrial detention order. She checked the yes box, after a section stating, "If Defendant is indigent and has no attorney do they want one appointed?" Amy listed the name and contact information for defendant's private "trial attorney." In the section asking for defendant's name and address where notices should be sent, "if defendant has no attorney," Amy gave defendant's name, his prisoner number and division in the jail, the jail address, and his email address as "Amyclaver@gmail.com". She checked that the "official transcript for the hearing on March 8 2024" was attached as a supporting record, but the transcript was not attached.

¶ 14    The form notice lists specific grounds for relief on appeal and the drafter is directed to "check all that apply and describe in detail." In the section titled "Denial or Revocation of Pretrial Release," Amy checked the box "The State failed to meet its burden by proving clear and convincing evidence that the proof is evident or the presumption great that defendant committed

the offense(s) charged." In the blank lines provided to "describe in detail," Amy wrote: "No evidence has been presented." Amy also checked the box "The State failed to meet its burden of proving by clear and convincing evidence that defendant poses a real and present threat to the safety of any person or persons or the community, based on the specific, articulable facts of the case." In the blank lines provided, Amy wrote: "State failed to present the defendant poses a threat based on the legal definition of a threat—Black's Law Dictionary, Tenth Edition—1) a communicated intent to inflict harm or loss on another or on another's property 2) an indication of an approaching menace; suggestion of an impending detriment 3) a person or thing that might well cause harm." Amy checked the box "Other" and wrote: "Defendant was on [EHM] from 14 June 2022 to 8 March 2024, 21 months nearly 2 yrs without any incidents. He was granted to leave the county 7 times, including overnight trips. He's 59 yrs old without a violation or prior arrest. He's clearly not a flight risk or a danger to anyone. He deserves his right to the presumption of innocence. There has been no change in his living arrangement since 14 June 2022."

¶ 15    Under the section titled "Imposing Conditions of Pretrial Release," in the blank lines under the statement: "In determining the conditions of pretrial release, the court failed to take into account the factors set forth in 725 ILCS 5/110-5(a). Specifically, the court failed to consider the following factors (list all that apply):", Amy wrote: "He deserves the presumption of innocence, No prior arrests, Successful on [EHM] for nearly 2 yrs, No evidence has been presented to his attorneys, Proven that he is not a threat to anyone and no flight risk, Has not been convicted of anything." She wrote this same response on the blank lines under the section marked "Other."

¶ 16    At the end of the form, there is a certification stating "I certify that everything in this NOTICE OF APPEAL FROM ORDER UNDER PRETRIAL FAIRNESS ACT PURSUANT TO ILLINOIS SUPREME COURT RULE 604(h) is true and correct. I understand that making a false

statement on this form is perjury and has penalties provided by law under 735 ILCS 5/1-109." Below this certification are three lines, "Your Signature," "Printed Name," and "Attorney # (if any)." Amy signed her own name above the line "Your Signature" and printed her name "Amy Claver" above the line "Printed Name" and left the third line blank.

¶ 17    Thereafter, on May 13, 2023, on its own motion, another division of this court, entered an order appointing the Office of the State Appellate Defender (OSAD) as appellate counsel for defendant. OSAD filed a notice "in Lieu of Rule 604(h)(7) Memorandum" indicating that defendant would not file a Rule 604(h) memorandum.

¶ 18    We subsequently entered an order in each of defendant's appeals asking the parties to file supplemental memoranda addressing whether the notices of appeal, which were signed by Amy, complied with the applicable Illinois Supreme Court Rules and confer appellate jurisdiction over the appeals. In defendant's supplemental memoranda, he argued that Amy "validly" filed the notices of appeal as his agent and did not practice law and even if we found that Amy engaged in the unauthorized practice of law, the notices should not be nullified. The State, in its supplemental memoranda, maintained that this court lacks appellate jurisdiction because the notices of appeal were not filed by a licensed attorney or by defendant *pro se*.

¶ 19    Before reaching the merits of this case, we have an independent duty to consider the existence of appellate jurisdiction. *People v. Hongo*, 2024 IL App (1st) 232482, ¶ 24 (citing *People v. Smith*, 228 Ill. 2d 95, 103-104, 106 (2008); *People v. Lewis*, 234 Ill. 2d 32, 36-37 (2009)). Whether we have jurisdiction is a question of law, which we review *de novo*. *People v. Salem*, 2016 IL 118693, ¶ 11.

¶ 20    "The filing of a notice of appeal 'is the jurisdictional step which initiates appellate review.' " *Smith*, 228 Ill. 2d at 104 (citing *Niccum v. Botti, Marinaccio, DeSalvo & Tameling, Ltd.*,

182 Ill. 2d 6, 7 (1998)). "Unless there is a properly filed notice of appeal, a reviewing court has no jurisdiction over the appeal and is obliged to dismiss it." *Smith*, 228 Ill. 2d at 104. "To invoke the appellate court's jurisdiction over an order from which an appeal is taken, the appeal must be perfected." *People v. Hill*, 2021 IL App (1st) 131973, ¶ 14 (citing Ill. S. Ct. R. 606(a) (eff. Jul. 1, 2017). "Perfect" means "[t]o take all legal steps needed to complete, secure, or record (a claim, right, or interest)." *Hill*, 2021 IL App (1st) 131973, ¶ 14 (citing Blacks Law Dictionary (11th ed. 2019)).

¶ 21    As it applies to appeals under Rule 604(h) (Ill. S. Ct. R. 604(h)(2) (eff. Dec. 7, 2023)), Rule 606(a) provides that appeals are perfected "by filing a notice of appeal with the clerk of the trial court. The notice may be signed by the appellant or his attorney. *** No step in the perfection of the appeal other than the filing of the notice of appeal is jurisdictional." (Ill. S. Ct. R. 606(a) (eff. Dec. 7, 2023). Specifically, as to appeals of orders granting or denying pretrial release, a notice of appeal must be filed in the circuit court within 14 days of the order from which review is being sought. Ill. S. Ct. R. 604(h)(2) (eff. Dec. 7, 2023). At the time this appeal was filed, Rule 604(h) (*id.*) required that the notice of appeal describe the relief requested and the grounds for the relief requested. The Supreme Court also approved a form notice of appeal to be used in appeals under Rule 604(h).

¶ 22    "[T]he appellate and circuit courts of this state must enforce and abide by the rules of [the supreme court]" and do not have the authority to excuse compliance with the filing requirements of the supreme court rules governing appeals. (Emphasis omitted.) *People v. Lyles*, 217 Ill. 2d 210, 216 (2005). Whether a notice of appeal was perfected as provided by Rule 606(a) is a question of interpretation of the Illinois Supreme Court Rules, which we review *de novo*. *People v Gorss*, 2022 IL 126464, ¶ 10. We construe Illinois Supreme Court rules using the same principles that govern

interpretation of statutes, which are well established. *Ferris, Thompson & Zweig, Ltd. v. Esposito*, 2017 IL 121297, ¶ 22. Our primary goal is to ascertain the intent of the drafters. *Id.* "The most reliable indicator of that intent is the language used, given its plain and ordinary meaning." *Id.* We consider the rules in their entirety and keep in mind the subject they address. *Id.*

¶ 23    Here, the notice of appeal was filed within 14 days of the order being appealed, but was signed by Amy, defendant's wife, a nonlawyer. Rule 606(a) permits a defendant or their attorney to sign the notice of appeal for appeals under Rule 604(h). Ill. S. Ct. R. 606(a), 604(h)(2) (eff. Dec. 7, 2023). Rule 606(a) does not permit Amy to sign the notice of appeal. Ill. S. Ct. R. 606(a) (eff. Dec. 7, 2023).

¶ 24    We may disregard minor deficiencies in the form of a notice of appeal. *People v. Mason*, 118 Ill. App. 2d 47, 50-51 (1969) (where the notice listed the wrong date for the order being appealed). In *People v. Ahlstrand*, 113 Ill. App. 3d 363, 364 (1983), the appellate court considered whether it had jurisdiction where the record established that at the defendant's request, his mother signed his name on the notice of appeal. Citing *Mason¸* the *Ahlstrand* court concluded that the "defect [was] one of form rather than substance and as such does not preclude an appeal of these convictions." *Id.*

¶ 25    In this case, Amy signed her own name and not defendant's name on the notice of appeal. There is no evidence in the record that defendant requested that she complete, sign, or file the notice of appeal. There is no evidence that she was acting as his agent or was given authority to initiate the appeal. By signing the notice of appeal, Amy certified that "everything" contained in the notice was true and correct. Furthermore, Rule 604(h) required that defendant assert the relief he was requesting and the grounds for such relief in his notice of appeal. It was Amy and not defendant *pro se* nor an attorney for defendant who made these required assertions. We conclude

that Amy's signature on the notice of appeal and legal assertions were not nominal defects but were substantial violations of Rules 606(a) and 604(h). Ill. S. Ct. R. 606(a) (eff. Dec. 7, 2023); Ill. S. Ct. R. 604(h)(2) (eff. Dec. 7, 2023).

¶ 26    Additionally, by completing this form, asking for relief, asserting errors by the circuit court and signing and certifying that the notice was correct and accurate, Amy committed the unauthorized practice of law. *Downtown Disposal Services, Inc. v. City of Chicago*, 2012 IL 112040, ¶ 16 (where court found that nonlawyer president of corporation who filed a form complaint for administrative review on behalf of corporation engaged in unauthorized practice of law). As a result, we may also consider the notice of appeal under the nullity rule related to the unauthorized practice of law. See *People v. Wilson*, 2023 IL App (1st) 22032 (holding that appeal was precluded where defendant's wife and power of attorney, a nonlawyer, signed and filed, on behalf of defendant, a motion for leave to file second successive postconviction petition and notice of appeal).

¶ 27    The Illinois Constitution vests our supreme court with [t]he power to regulate and define the practice of law [with our supreme court]" (*King v. First Capital Financial Services Corp.*, 215 Ill. 2d 1, 12 (2005)), which has been codified in the Attorney Act. See 705 ILCS 205/1 (West 2022) ("No person shall be permitted to practice as an attorney or counselor at law within this State without having previously obtained a license for that purpose from the Supreme Court of this State."). The court closely regulates the practice of law in order to "protect the public from potential injury resulting from laypersons performing acts that require the training, knowledge, and responsibility of a licensed attorney." *Id.*

¶ 28    There is a *pro se* exception to the bar against the unauthorized practice of law by a person who does not have the requisite legal training or law license. 705 ILCS 205/11 (West 2022). An

unlicensed and untrained layperson may appear in court on their own behalf. 705 ILCS 205/11 (West 2022) ("Plaintiffs shall have the liberty of prosecuting, and defendants of defending in their proper persons."). The exception allows "the preparation of documents in situations where the party preparing the legal documents does so for his or her own benefit in a transaction to which the preparer is a party." (Emphases added.) *King*, 215 Ill. 2d at 14. Additionally, a criminal defendant has a constitutionally guaranteed right to self-representation. See U.S. Const., amend. VI; Ill. Const. 1970, art. I, § 8; *People v. Simpson*, 204 Ill. 2d 536, 573 (2001). A defendant who chooses to represent themselves "must be prepared to do just that." *Simpson*, 204 Ill. 2d at 562. This right to self representation and the *pro se* exception do not permit a lay person to appear on behalf of a defendant. *Janiczek v. Dover Management Co.*, 134 Ill. App. 3d 543, 545.

¶ 29    Under the nullity rule, where an unlicensed individual attempts to represent a party to a legal proceeding, the actions taken by that individual generally are considered a nullity. *Applebaum v. Rush University Medical Center*, 231 Ill. 2d 429, 435 (2008); *Pratt-Holdampf v. Trinity Medical Center*, 338 Ill. App. 3d 1079, 1083 (2003); *Janiczek*, 134 Ill. App. 3d at 545. As a result, if a nonlawyer brings an action on behalf of another without obtaining the assistance of licensed counsel, the proceedings are void and have "no effect." *Blue v. People*, 223 Ill. App. 3d 594, 597 (1992). The nullity rule " 'is grounded in the fact that there are risks to individual clients and to the integrity of the legal system inherent in representation by an unlicensed person.' " *Applebaum*, 231 Ill. 2d at 435 (quoting *Ford Motor Credit Co. v. Sperry*, 214 Ill. 2d 371, 389-90 (2005)).

¶ 30    The State argues that the holding in *Wilson*, 2023 IL App (1st) 22032 is controlling here. We agree.

¶ 31    In *Wilson*, the defendant's wife, who was also his power of attorney, signed and filed, in the defendant's name, a second successive postconviction petition and a notice of appeal. *Id.* ¶¶ 8-

9. Next to the signatures, the wife placed her initials. *Id.* ¶ 8. On appeal, the State argued that the defendant's pleadings were a "nullity" because the pleadings were prepared, signed, and filed by a nonlawyer. *Id.* ¶ 11. This court agreed, finding that the pleadings filed by a nonlawyer on behalf of another were a nullity and had no legal effect and dismissed the appeal. *Id.* ¶¶ 16, 22. Here, Amy did not even sign defendant's name on the notice of appeal, but affixed her own signature and we have no proof that she had a power of attorney.

¶ 32 Defendant asks that we follow the dissent in *Wilson*, 2023 IL App (1st) 22032, ¶¶ 27-55 (Hyman, J. dissenting), which maintained that the majority decision was contrary to *Downtown Disposal Services*, 2012 IL 112040, ¶ 31. In *Downtown Disposal Services*, our supreme court held that the unauthorized practice of law does not automatically render the proceedings a nullity. Instead, a court "should consider the circumstances of the case and the facts before it in determining whether dismissal is proper." *Id.* Specifically, the court is to consider: "whether the nonattorney's conduct is done without knowledge that the action was improper, whether the [litigant] acted diligently in correcting the mistake by obtaining counsel, whether the nonattorney's participation is minimal, and whether the participation results in prejudice to the opposing party." *Id.*

¶ 33 There is no indication in the record that either Amy or defendant knew it was improper for Amy to prepare defendant's notice of appeal. However, defendant was represented by counsel in the circuit court. After the hearings on detention, both judges admonished defendant that he had a right to appeal the detention order within 14 days and that an attorney would be appointed for him if he could not afford one. In this case, he stated that he understood these admonishments. In case number 242000385, after the admonishments, he specifically asked the court if he could have an appointed attorney for the appeal, while retaining his private trial counsel and he received a

positive response. As to defendant acting diligently to obtain an appellate attorney, it was, again, Amy, and not defendant, who requested the appointment of an appellate attorney when she completed and filed the notice of appeal.

¶ 34    As to the third factor, Amy's participation was not minimal. Amy filled out and signed the notice of appeal on defendant's behalf. She not only checked off boxes indicating the grounds for relief but added more detailed information and legal argument as to those grounds. We reject defendant's argument that the filing of the notice of appeal was merely ministerial. As discussed, "[t]he filing of a notice of appeal 'is the jurisdictional step which initiates appellate review.' " *Smith*, 228 Ill. 2d at 104 (citing *Niccum*, 182 Ill. 2d at 7). Further, this specific notice of appeal was filed under Rule 604(h), which "requires the notice of appeal to include a description of the relief to be requested "and the grounds for the relief requested." (Emphasis added.) Ill. S. Ct. R. 604(h)(2) (eff. Sept. 18, 2023). In notices of appeal under this rule, "some form of argument is required, along with justification for claiming entitlement to relief—like references to the record, the evidence presented, or, if possible, legal authority." *People v. Inman*, 2023 IL App (4th) 230864, ¶ 12. Amy's actions—completing the notice of appeal and providing argument and justification for appellate relief—fall squarely in the practice of law and were not minimal.

¶ 35    As to the fourth factor, the State and the integrity of the court process are harmed by Amy, and not defendant, completing, verifying, signing, and filing the notice of appeal. The notice was meant to perfect the appeal and inform the State and this court of the nature of the appeal, the relief requested, and the grounds for reversal. Amy took the necessary step to secure appellate jurisdiction, signed the notice in contravention of Supreme Court Rule 606(a) and asserted what errors were made by the court below without having obtained the proper legal education and license to practice law. Moreover, instead of filing a brief, OSAD filed a notice in lieu of filing a

- 13 -

Rule 604(h) memorandum essentially standing on the legal arguments and assertions made by a nonlawyer in the notice of appeal.

¶ 36    After considering the *Downtown Disposal Service* factors, we find that the notice of appeal is a nullity.

¶ 37    Defendant is not without recourse. He may seek the circuit court's review of the detention order at any court date and properly pursue an appeal if the circuit court orders his continued detention and denies a motion for relief. See 725 ILCS 5/110-6.1(i-5) (West 2022) ("At each subsequent appearance of the defendant before the court, the judge must find that continued detention is necessary ***."); Ill. S. Ct. R. 604(h)(3) (eff. Apr. 15, 2024) ("After a disposition of its motion for relief in the trial court, a party may initiate an appeal by filing a notice of appeal in the circuit court at any time prior to conviction.")

¶ 38    Because the appeal was not properly perfected and the notice of appeal is a nullity, we dismiss this appeal.

¶ 39    Appeal dismissed.